Submitted January 8, affirmed March 21, 1962

## GIBBS *v.* GLADDEN
369 P. 2d 772

Lillard James Gibbs, Salem, *in propria persona,* filed a brief for appellant.

Robert Y. Thornton, Attorney General, and Harold W. Adams, Assistant Attorney General, Salem, filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, WARNER, PERRY, SLOAN, O'CONNELL and GOODWIN, Justices.

PER CURIAM.

This is a habeas corpus proceeding brought in the circuit court for Marion county by the petitioner, Lillard James Gibbs, against the warden of the state penitentiary. The trial court, after a hearing, dismissed the proceeding and petitioner appeals.

It appears from the record that on April 7, 1959 petitioner pleaded guilty in the circuit court for Multnomah county to the crime of larceny and was sentenced to the penitentiary for an indeterminate period, not to exceed three years. On the following day, April 8, 1959, petitioner began to serve his sentence.

In this proceeding petitioner contends that under ORS 421.120① he was entitled to a deduction of one day from the term of his sentence for every two days actually served in the penitentiary, and that with such deduction his sentence was fully served on April 8, 1961. Petitioner charges that the denial to him by the warden of credit for good conduct was arbitrary.

It will be noted that petitioner was entitled to a

---

① ORS 421.120. "(1) Each prisoner now or hereafter confined, in execution of the judgment of sentence upon any conviction, in the penitentiary, for any term other than life, and whose record of conduct shows that he faithfully has observed the rules of the institution, and where industry and general reformation are certified to the Governor by the warden of the penitentiary, shall be entitled, upon the order of the Governor, to a deduction from the term of his sentence to be computed as follows:

"*  *  *  *  *

"(b) From the term of a sentence of more than one year, one day shall be deducted for every two days of such sentence actually served in the penitentiary.

"*  *  *  *  *"

reduction of his sentence for good conduct only if his "record of conduct shows that he faithfully has observed the rules of the institution," and if the warden certifies petitioner's "industry and general reformation," to the governor, and if the governor orders petitioner's release.

Whether the warden acted arbitrarily in refusing to certify that petitioner was entitled to a reduction of his sentence for good conduct was a question of fact decided by the trial court after a hearing. The evidence offered at such hearing is not before us and we can only assume that it supports the finding of the trial court.

The judgment is affirmed.